(Judge Laubie of the Seventh Circuit sitting in place of Judge Henry.)

DIAMOND RUBBER CO. v. ADDISON H. McCLURG.

BILL OF EXCEPTIONS SHOWS ON ITS FACE THAT IT DOES NOT CONTAIN ALL THE EVIDENCE, WHEN.

    A bill of exceptions shows on its face that it does not contain all of the evidence, thereby precluding a reviewing court from considering the weight of the evidence, where it appears therefrom that a part of the evidence in the lower court consisted of illustrations or demonstrations by models of machinery, and there is nothing in the bill to show where the witnesses and counsel stood with reference to the models, what they pointed out, and where they placed their hands except by such words as "here," "there," "like that," and the word "indicating" in parenthesis inserted by the stenographer.

ERROR to Summit common pleas court.

E. K. Wilcox, for plaintiff in error.

G. M. Anderson and F. V. Owen, for defendant in error:

Where there are latent defects, or hazards incident to an occupation, of which the master knows or ought to know, it is his duty to warn the servant of them fully, and failing to do so, he is liable to him for any injury that he may sustain in consequence of such neglect; and this rule applies even where the danger or hazard is patent, if through youth, inexperience, or other cause, the servant is incompetent to fully understand and appreciate the nature and extent of the hazard. *Mather* v. *Rillston,* 156 U. S. 391 [15 Sup. Ct. Rep. 464; 39 L. Ed. 464]; *Coombs* v. *Cordage Co.* 102 Mass. 572 [3 Am. Rep. 506]; *Connolly* v. *Poillon,* 41 Barb. 366; *Wheeler* v. *Manufacturing Co.* 135 Mass. 294; *Dowling* v. *Allen,* 74 Mo. 13 [41 Am. Rep. 298]; *Mitchell* v. *Robinson,* 80 Ind. 281 [41 Am. Rep. 812]; *Indiana Car. Co.* v. *Parker,* 100 Ind. 181; *Atchison, T. & S. F. Ry.* v.

*Holt,* 29 Kan. 149; *Shanny* v. *Androscoggin Mills,* 66 Me. 420; *Baxter* v. *Roberts,* 44 Cal. 187 [13 Am. Rep. 160]; *Bannon* v. *Lutz,* 158 Pa. St. 166 [27 Atl. Rep. 890]; *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614 [35 N. E. Rep. 162]; *Lebbering* v. *Struthers,* 157 Pa. St. 312 [27 Atl. Rep. 720]; *Perry* v. *Marsh,* 25 Ala. 659; *Spellman* v. *Iron Co.* 55 Barb. 151; *Davis* v. *Turner,* 69 Ohio St. 101 [68 N. E. Rep. 819].

A verdict will not be reversed as against the weight of evidence unless palpably so; mere difference of opinion is not sufficient. *Webb* v. *Insurance Co.* 6 Ohio 456; *McGatrick* v. *Wason,* 4 Ohio St. 566; *Breese* v. *State,* 12 Ohio St. 146 [80 Am. Dec. 340]; *Dean* v. *King,* 22 Ohio St. 118; *Railway* v. *Howard,* 40 Ohio St. 6.

**WINCH, J.**

Defendant in error recovered judgment against plaintiff in error, by the consideration of the court of common pleas, for damages sustained by him in the loss of part of his left hand, which was caught between two large rollers of a machine in the rubber company's works, by reason, as it is claimed by him, of negligence of the company in failing to warn him of certain latent hazards in the operation of said machine.

We are asked to reverse said judgment because the verdict is said to be against the weight of the evidence.

The impossibility of this court reviewing the weight of the evidence will be apparent by reading a few extracts from the bill of exceptions.

On page 10, question:

"Mr. Sherbondy, now suppose those are the rollers, Mr. Sherbondy (indicating to the witness by the use of two rolls of carboard, and a sheet of paper, the rolls being marked plaintiff's exhibit rolls, and the paper being marked plaintiff's exhibit slab), and we will say this represents the slab of rubber and it is being batched out, a man stands here in this position, lays the rubber slab on the rollers like that, and, as you have said, because of the compound—now then, he has put his slab on there and because of the compounds which should work into the slab it does not catch on the roller, so he puts his hands as you have described or one hand on the side of the roller this way, pressing the slab down on the hot roller where it adheres, now, I ask you what is liable to happen from this end of the slab turning over this way (indicating)?

"Objected to; question withdrawn."

I have read the question to show that the models used here were made a part of the bill of exceptions and were before the court at the hearing in this court.

"Q. When he has put his hand on this end next him to press the slab against the hot roller and make it adhere what may happen from

Rubber Co. v. McClurg.

the other end of the slab, the one farthest from him? A. Why, it is liable to turn back.

"Q. And do what? A. Catch your hands; that is, if your hands are above the center of the roll.

"Q. Suppose they are there (indicating)? A. That is above the center.

"Q. You call this the center of the roll (indicating)? A. Yes, sir.

"Q. Away down here (indicating)? A. Yes, sir.

"Q. You don't mean this center, the top of the center? A. No, the top—center.

"Q. Suppose that it is here (indicating), what is liable to happen from the slab of rubber?

"Objected to.

"A. Liable to catch your hands.

"Objected to.

"Q. If your hand is there?

"Objected to.

"A. Yes, sir.

"Objected to.

"Mr. Wilcox: The objection is, that counsel insert elements in the question which do not appear to be the fact, and the second is the illustration, and the third is the guess of the witness in the answer.

"The court: These are at best illustrations, he does not say what did occur there. I think he has a right to describe the operation of that machine. I think I will let it stand so far.

"Defendant excepts.

"Q. Mr. Sherbondy, I will ask you the question generally now, and you may, if you please, describe to the jury the operation—

"Mr. Wilcox: If Your Honor please, may I have inserted in the record in connection with that question, that counsel for plaintiff by way of illustration took the sheet of pasteboard representing the rubber slab and turned it over indicating the manner in which counsel claims the plaintiff's hand was caught?

"The Court: Yes."

This shows that counsel for plaintiff in error fully understood that the record must show what was indicated by the witness, and yet this is all there is in the record anywhere exhibiting to this court what was so indicated. All through the record appear questions asked by counsel for both parties and answers given by the witnesses illustrated by the use of the models referred to. Just where counsel and witnesses stood with reference to the models, what they pointed at, and where they placed

Summit County.

their hands are described in the bill of exceptions by such words as "here," "there," "like that" and the word 'indicating" in parenthesis, inserted by the stenographer.

Some of this testimony was illustrated to this court on the argument of the case by counsel, but they disputed each other as to the correctness of some of the illustrations and the record furnishes no means of determining which was right. Indeed, without a re-enactment of the scene by the witnesses who appeared before the jury, much of the record is unintelligible. We are, therefore, forced to say that the bill of exceptions shows on its face that it does not contain all the evidence. Certainly it does not put this court in the position of the jury so that it can with equal facility determine the weight of the evidence.

For the reason stated the judgment must be affirmed.

**Marvin** and **Laubie, JJ.,** concur.